IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-19-052-1-F |
| ) | |
| COLBY SCOTT SHEPHERD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The court has preliminarily reviewed the Final Presentence Investigation Report in this case (doc. no. 104).

The court notes, from the addendum to the presentence report (doc. no. 104, at p. 37), that the defendant has lodged a "general objection" to the report. The general objection is articulated as follows: "The defendant objects to any and all facts, drug quantities, and conduct not specifically admitted to during his change of plea hearing or within the plea agreement."

Defendant's "general objection" runs counter to some basic principles of federal sentencing procedure. As relevant here, Rule 32(f), Fed.R.Crim.P., requires a party objecting to material in a presentence report to "state in writing any objections, including objections to material information." This affirmative requirement in Rule 32 is echoed in the advisory guidelines, specifically USSG § 6A1.2(b). At sentencing, the court is required to rule on "any disputed portion of the presentence report." Rule 32(i)(3)(B).

Bearing in mind this commonsense framework for fair resolution of disputed factual matters which may be relevant to sentencing, it comes as no surprise that, to invoke the district court's factfinding obligation, the defendant is required to make "specific allegations" of factual inaccuracy. United States v. Chee, 514 F.3d 1106, 1115 (10th Cir. 2008). *See also*, to the same effect, United States v. Rodriguez-Delma, 456 F.3d 1246, at 1253 (10th Cir. 2006). Thus, objections to a presentence report must be made with "specificity and clarity" in order to alert the government and the district court to the mistake of which the defendant complains. United States v. Ramirez-Flores, 743 F.3d 816, 824 (11th Cir. 2014). As the court noted in Ramirez-Flores, "this requirement is not gratuitous; rather, it ensures that the government has the opportunity to address or correct the alleged error." *Id*. If an objection to a fact contained in the presentence report is not asserted with sufficient specificity, "the objection is waived." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

Defendant's general objection, quoted above, completely frustrates the court's ability to focus on matters which might genuinely and specifically be placed in issue for sentencing purposes. Of equal importance, defendant's general objection runs directly counter to the fundamental principles of federal sentencing procedure as established by the authorities cited above. The court is, of course, unable to ascertain (and is unwilling to guess) what the defendant might object to in lieu of his general objection. For that reason, we are going to start over on the defendant's objections to the presentence report. Defendant's objections are **STRICKEN IN TOTO**. Defendant is **DIRECTED**, not later than 21 days from the date of this order, to serve new

objections as contemplated by Rule 32(f)(1).  That will trigger, as in the usual course, the preparation of a new addendum.  After the presentence report, with the new addendum, is filed, the court will set this case for sentencing.

    IT IS SO ORDERED this 25th day of August, 2020.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0052p028 (Shepherd).docx