IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-19-52-F |
| ) | CIV-23-453-F |
| COLBY SCOTT SHEPHERD, a/k/a ) | |
| Colby Scott Shephard, ) | |
| ) | |
| Defendant. ) | |

## ORDER

As part of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 146), defendant Colby Scott Shepherd requests the appointment of counsel.

There is no constitutional right to counsel beyond the direct appeal of conviction. Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The court has the discretionary ability to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), unless the matter requires an evidentiary hearing. Because the court has not yet determined that an evidentiary hearing is required and the court concludes that defendant's motion is not overly complex and that defendant is able to effectively articulate and argue his claims, the court concludes that defendant's request for the appointment of counsel should be denied.

The court advises defendant that if, after receipt and review of all briefing with respect to his § 2255 motion, the court determines that an evidentiary hearing

is required, the court will appoint counsel for defendant in accordance with Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Accordingly, defendant's request for appointment of counsel is **DENIED**.

IT IS SO ORDERED this 23rd day of May, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0052p036 (Shepherd).docx