# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>-vs- )<br>  )<br>COLBY SCOTT SHEPHERD, a/k/a )<br>Colby Scott Shephard, )<br>  )<br>  Defendant. ) | Case Nos. CR-19-52-F<br>CIV-23-453-F |

## ORDER

Defendant, Colby Scott Shepherd, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.[1]  Doc. no. 146.  Plaintiff, United States of America, has responded to the motion.  Doc. no. 155.  The time for reply by defendant has expired.  Consequently, the matter is at issue.

I.

*Procedural History*

On February 19, 2019, defendant was charged by indictment with conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count 1) and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On September 9, 2019, defense counsel advised that defendant had executed a plea petition to plead guilty to Count 1 of the indictment.  Shortly thereafter, the

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but does not serve as his advocate.  *See*, United States v. Gabourel, 2023 WL 2198793, at *1 n. 1 (10th Cir. Feb. 24, 2023) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

court, upon motion by the government, granted dismissal of Count 2 of the indictment. On September 16, 2019, defendant pleaded guilty to Count 1 of the indictment. The guilty plea was entered without any written plea agreement.

A final presentence investigation report was prepared and filed by the U.S. Probation Office. After preliminary review, the court struck defendant's "general objection" to the report and directed defendant to serve new objections as contemplated by Rule 32(f)(1), Fed. R. Crim. P. Thereafter, defendant submitted new objections and a revised final presentence investigation report was prepared and filed on October 6, 2020.

In the report, defendant was held responsible for a total converted drug weight of 25,230.98 kilograms, resulting in a base offense level of 34. Application of an enhancement for possession of a firearm (U.S.S.G.[2] § 2D1.1(b)(1)) and an enhancement for being a manager or supervisor in a criminal activity involving five or more participants (U.S.S.G. § 3B1.1(b)) resulted in an adjusted offense level of 39. With a three-level adjustment for acceptance of responsibility, defendant's total offense level was 36. A total offense level of 36, combined with a criminal history category of VI, resulted in an advisory sentencing guideline range of 324 months to 405 months of imprisonment.

The court held a sentencing hearing on November 30, 2020. The court overruled defendant's objections relating to the purity of the methamphetamine for which he was being held responsible, the drug quantity used to calculate his base offense level, the firearm enhancement, and the role in the offense enhancement. However, the court varied downward from the advisory sentencing guideline range and sentenced defendant to 300 months' imprisonment. Judgment was entered on December 1, 2020.

---

[2] United States Sentencing Guidelines.

Defendant appealed his sentence, asserting that it was procedurally and substantively unreasonable. On April 13, 2022, the Tenth Circuit rejected defendant's challenge and affirmed the court's judgment.

Defendant timely filed the instant § 2255 motion. Defendant alleges his trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution in three ways. Specifically, defendant alleges: (1) trial counsel advised him not take the government's "plea agreement that was [a] 188 month to 210 month [imprisonment] range;" (2) trial counsel failed to argue at sentencing he was not a career criminal; and (3) trial counsel failed to present at sentencing text messages that showed the government's undercover agent threatened both defendant and his family in order to coerce him to make two sales of methamphetamine. Doc. no. 146, ECF pp. 3, 4, and 6.

## II.

### *Discussion*

"The Sixth Amendment guarantees criminal defendants a right to counsel." Meadows v. Lind, 996 F.3d 1067, 1074 (10th Cir. 2021) (citation and quotation omitted). In Strickland v. Washington, 466 U.S. 668 (1984), "the Supreme Court interpreted this to include a right to the *effective assistance* of counsel." Meadows, 996 F.3d at 1074 (citing Strickland, 466 U.S. at 686) (emphasis in original). And, "the Court announced a two-prong test for determining whether counsel's performance deprived a criminal defendant of this right." Meadows, 996 F.3d at 1074. "First, the defendant must show his counsel's performance fell 'below an objective standard of reasonableness,' and, second, 'the deficient performance prejudiced the defense.'" *Id*. (quoting Strickland, 446 U.S. at 687-88). "If the defendant cannot establish either of these prongs, his ineffective-assistance claim fails." *Id*. (citing Strickland, 446 U.S. at 697).

A. <u>Plea Agreement</u>

Initially, defendant claims trial counsel performed deficiently by advising him not to take the government's "plea agreement that was [a] 188 month to 210 month [imprisonment] range." Doc. no. 146, ECF p. 3. The court, however, concludes that defendant has not shown trial counsel performed deficiently. Despite defendant's allegation, the record does not support the contention that the government offered defendant a plea agreement with a 188-month to 210-month imprisonment range. The record reflects that the government sent an email to trial counsel with a plea offer. That email stated that by pleading guilty to Count 1, defendant "*would likely* have a guidelines range of 188 months to 235 months, with a ten year mandatory minimum." Doc. no. 155-1, ECF p. 1 (emphasis added). However, in that email, the government "note[d] this guidelines range is an estimate by the government and that Probation may consider other factors not considered by the government." *Id*. It further "acknowledg[ed] that the Court is the sole decider regarding sentencing." *Id*. Thus, the record does not establish that the government offered defendant a plea agreement with an imprisonment range of 188 months to 210 months. As such, trial counsel did not perform deficiently in advising defendant not to take such plea agreement.

Even if defendant could show deficient performance by trial counsel advising him not to take the plea deal that was in fact offered by the government, the court concludes that defendant has failed to show he suffered "actual prejudice." <u>Meadows</u>, 996 F.3d at 1075. "In this context, prejudice is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting <u>Weaver v. Massachusetts</u>, 137 S. Ct. 1899, 1911 (2017) (quoting <u>Strickland</u>, 466 U.S. at 694). Here, defendant would have received the same sentence, even if defendant had accepted the government's plea offer. In that offer, the government noted that the Probation Office may consider other factors

not considered by the government. The Probation Office, in calculating defendant's offense level, did just that. It applied enhancements for possession of a firearm and defendant's role in the offense. Those enhancements would also have applied if defendant had accepted the government's plea offer. Defendant's total offense level would have been 36 (after the three-level adjustment for acceptance of responsibility), resulting in the same advisory sentencing guideline range of 324 months to 405 months of imprisonment.

Further, the court notes that because of trial counsel's performance, defendant executed a plea petition, rather than the plea agreement, which allowed defendant to avoid a waiver of his appellate rights. Defendant was able to exercise those rights, although unsuccessfully. In sum, the court concludes that defendant has not shown he suffered actual prejudice, even if trial counsel performed deficiently.

Therefore, for the foregoing reasons, the court concludes that defendant's ineffective assistance of counsel claim, based upon the alleged plea agreement, fails.

B. <u>Career Criminal</u>

Next, defendant claims that trial counsel performed deficiently because he did not argue at sentencing that defendant was not a career criminal, even though his criminal history score of 38 made him look like one. He asserts that several of his prior state felony convictions would now be misdemeanor offenses because of the change in Oklahoma law and several of those convictions were old. He also points out that his most of his prior convictions were due to his addiction to drugs.

The court concludes that defendant has failed to show that trial counsel performed deficiently. The court notes that defendant was not considered a career offender for purposes of determining his sentence. In any event, trial counsel argued in defendant's sentencing memorandum and at sentencing that defendant's criminal history was "overstated." Doc. no. 115, ECF p. 12, and doc. no. 135, ECF p. 87. Additionally, trial counsel argued that defendant's drug possession-related offenses

would be misdemeanor offenses rather than felony offenses due to the change in Oklahoma law.  Doc. no. 135, ECF p, 86.  Trial counsel also pointed out the age of some of the prior convictions.  *Id*. at ECF pp. 86-87.  Further, trial counsel argued that the drug possession-related offenses and eluding-the-police offenses were due to defendant's methamphetamine-fueled addiction.  *Id*. at ECF p. 87; doc. no. 115, ECF p. 12.  In light of such arguments, the court concludes that trial counsel did not perform deficiently, as claimed by defendant, and defendant's ineffective assistance of counsel claim, based on alleged failure to make a career criminal argument, fails.

   C. <u>Text Messages</u>

Lastly, defendant claims trial counsel performed deficiently because he failed to present at sentencing certain text messages that showed the government's undercover agent threatened both defendant and his family to coerce him to make two methamphetamine sales.  The court, however, concludes that defendant has not demonstrated trial counsel performed deficiently.

On behalf of defendant, trial counsel objected to the quantity of methamphetamine attributed to him by the Probation Office and requested a sentencing departure on the grounds of duress, coercion, and imperfect entrapment.  Trial counsel argued that the government's undercover agent had threatened defendant and his family in the text messages used to arrange the drug transactions.  These threats, trial counsel argued, constituted outrageous government conduct.

At sentencing, defense counsel cross-examined the government's undercover agent about certain text messages he sent, including one that was not referenced in the subject exhibit.  Based upon that testimony, trial counsel urged the court to find that defendant was coerced and had performed the drug transactions under duress.  He further urged the court to find outrageous government conduct.

The court overruled defendant's objection to the drug quantity, rejecting trial counsel's arguments.  The court found that the text messages did not amount to any

sort of coercion or any sort of overbearing of defendant's will. And the court did not find outrageous government conduct, concluding that defendant was predisposed to commit the offense of drug trafficking.

While defendant contends that trial counsel failed to present "obviously threatening" text messages, doc. no. 146, ECF p. 6, to support defendant's position, the record reflects that prior to sentencing, trial counsel had informed defendant that some text messages he had reviewed had been deleted from defendant's email account by someone and were unavailable for printing. Doc. no. 155-2, ECF p. 4. There is no evidence that the text messages defendant claims as "obviously threatening" were available to trial counsel to use as an exhibit at sentencing. Trial counsel did question the government's undercover agent about one text message that was not a part of the exhibit containing the text messages, but there is no evidence that he was also aware, at that time, of exact content of the text messages that defendant claims were "obviously threatening." Further, the record reveals that trial counsel conferred with defendant before ending the cross-examination of the government's undercover agent, doc. no. 135, ECF p. 56, but no further questioning was conducted. In the court's view, defendant has failed to show that trial counsel performed deficiently in failing to present the text messages that he claims were "obviously threatening."

Even if the court were to conclude that trial counsel performed deficiently, the court concludes that defendant has failed to show actual prejudice. Strickland requires defendant to show that but for trial counsel's alleged errors, there was "a reasonable probability that . . . the result of the proceeding would have been different." 466 U.S. at 694. Defendant has not made this showing in his motion.

Thus, for the foregoing reasons, the court concludes that defendant's ineffective assistance of counsel claim, based on alleged failure to present text messages, fails.

III.

*Evidentiary Hearing*

As part of his motion, defendant requests an evidentiary hearing. The court concludes the request should be denied. The court file and record conclusively show that defendant is not entitled to relief under 28 U.S.C. § 2255. A hearing is therefore not warranted. *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (sentencing court has discretion to ascertain whether claim is substantial before granting full evidentiary hearing in a § 2255 matter).

IV.

*Appointment of Counsel*

Defendant also requests the appointment of counsel. The court concludes the request should be denied. "A defendant generally has no right to counsel in the presentation of a § 2255 motion, because the right to appointed counsel extends to the defendant's first appeal as of right, and no further." United States v. Baker, 586 Fed. Appx. 458, 460 (10th Cir. 2014) (citations omitted) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). However, a defendant is entitled to counsel when an evidentiary hearing is required in a § 2255 proceeding. *Id*. If an evidentiary hearing is not required, the court "may appoint counsel when 'the interests of justice so require,' [] but may decline when the issues raised are not unusually complex either legally or factually, and when the merits do not appear colorable." *Id*. (quoting 18 U.S.C. § 3006A(a)(2)(B)).

Here, the court has determined an evidentiary hearing is not warranted. The court additionally finds that the interests of justice do not require the appointment of counsel. The claims raised by defendant are not unusually complex either legally or factually, and as discussed, the merits of all claims fail.

V.

*Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, the court finds that defendant cannot satisfy this standard. The court thus denies a certificate of appealability.

VI.

*Conclusion*

Accordingly, defendant, Colby Scott Shepherd's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 146), is **DENIED**. A certificate of appealability is also **DENIED**. Judgment shall issue forthwith.

IT IS SO ORDERED this 1st day of March, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0052p041 (Shepherd).docx

9