IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-19-52-F |
| ) | |
| COLBY SCOTT SHEPHERD, a/k/a ) | |
| Colby Scott Shephard, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Colby Scott Shepherd has filed a *pro se* "Motion for Reduction of Sentence [Pursuant to] 18 U.S.C. § 3582(c)(2)." Doc. no. 161. Plaintiff United States of America has responded to defendant's motion. Doc. no. 166. The matter is at issue.

In addition to his motion, defendant has filed a notice of appeal, advising of his intent to appeal the court's March 1, 2024 order and judgment denying his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Doc. no. 162.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); United States v. Battles, 745 F.3d 436, 448 (10th Cir. 2014). As a result, the court has no jurisdiction to "enter an order reducing [defendant's] sentence while his appeal—collaterally challenging the basis for his sentence—is pending." United States v. Ward, Case No. 01-40050-01-DDC, 2019 WL 1620439, at *3 (D. Kan. April 16, 2019).

However, Rule 37(a) of the Federal Rules of Criminal Procedure provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rule 37(a), Fed. R. Crim. P.; *see also*, <u>United States v. Cronic</u>, 466 U.S. 648, 667 n. 42 (1984); Advisory Committee Notes to Rule 37 (Committee anticipates Rule 37 will be used for motions under 18 U.S.C. § 3582(c)).

Upon review, the court concludes that consideration of the matters presented by defendant's motion should be deferred pending resolution of his appeal. It appears to the court that defendant's motion, as presented, may be subject to dismissal for lack of jurisdiction. As such, the court cannot deny the motion or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. The court will dismiss defendant's motion without prejudice to refiling. After defendant's appeal is resolved, defendant may refile his motion, if necessary.

Accordingly, defendant Colby Scott Shepherd's *pro se* "Motion for Reduction of Sentence [Pursuant to] 18 U.S.C. § 3582(c)(2)" is **DEFERRED** for consideration pursuant to Rule 37(a), Fed. R. Crim. P., and is **DISMISSED** without prejudice to refiling.

DATED this 22nd day of April, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0052p043.docx